[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15465
Non-Argument Calendar
_____

D.C. Docket No. 2:15-mc-00013-JES-MRM

ROY J. MEIDINGER,

Plaintiff-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Defendant-Appellee.

_____

No. 16-10071
Non-Argument Calendar
_____

D.C. Docket No.  2:15-mc-00008-SPC-MRM

ROY J. MEIDINGER,

                                        Plaintiff-Appellant,

                            versus

COMMISSIONER OF INTERNAL REVENUE,

                                        Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(October 24, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Roy Meidinger appeals from both the district court's denial of his petition for injunctive relief, appeal number 16-10071, and denial of his separately filed, second petition for injunctive relief, appeal number 15-15465. In both of his petitions, Meidinger sought an injunction requiring the Internal Revenue Service ("IRS") to reopen an investigation concerning the alleged improper tax practices of certain taxpayers. Meidinger argues the district court erred in concluding that it lacked statutory authority to grant the relief he seeks. Meidinger also argues that

the district court erred in denying Federal Rule of Civil Procedure 60(b) relief in

appeal number 16-10071.[1]

For ease of reference, we will address each point in turn.

I.

We review a district court's denial of injunctive relief for abuse of

discretion, the court's underlying findings of fact for clear error, and its

conclusions of law *de novo*. *Common Cause/Georgia v. Billups*, 554 F.3d 1340,

1349 (11th Cir. 2009).

Section 7623 of the Internal Revenue Code governs the payment of awards

to whistleblowers. 26 U.S.C. § 7623. This section created a whistleblower

program, and the Whistleblower Office within the IRS to administer the award

program. *Id.* Section 7623 states that the IRS Commissioner may proceed with

administrative or judicial action based on information brought to light via a Form

211 application. 26 U.S.C. § 7623(b)(1). The Whistleblower Office may award a

claimant at least 15 percent, but not more than 30 percent, of the collected

proceeds or from settlement with the taxpayer. *See* 26 U.S.C. § 7623(b)(1). A

claimant may submit information under § 7623(a) or (b) on an IRS Form 211,

Application for Award for Original Information. *See* Claims Submitted to the IRS

---

[1] Although the IRS argues that procedurally, this Court lacks jurisdiction to review the district court's decisions dismissing Meidinger's petitions, as his notices of appeal were untimely, we conclude that appellate jurisdiction exists to review the district court's decisions involved in appeals numbered 16-10071 and 15-1546.

3

Whistleblower Office Under Section 7623, 2008-1 C.B. 253 (2007).  Upon receiving information from a claimant, the Whistleblower Office makes a final decision regarding a claim under § 7623(b) and will communicate its decision, in writing, to the claimant.  *See id.*  The claimant may appeal the Whistleblower Office's final administrative decision to the United States Tax Court within thirty days.  *See* 26 U.S.C. § 7623(b)(4).  The claimant may appeal the Tax Court's decision to the applicable United States Circuit Court of Appeals, not the district court.  *See* 26 U.S.C. § 7482(a).

We find no abuse of discretion in the district court's denial of Meidinger's petition in Case 1 (district court decision underlying appeal number 16-10071) or Case 2 (district court decision underlying appeal number 15-15465).  First, as to Case 1, the district court correctly determined that it lacked authority to grant the requested injunctive relief.  Indeed, 26 U.S.C. § 7623(b)(4) makes clear that appeals from the denial of a Form 211 application are to be filed with the Tax Court.  Nothing in that section confers jurisdiction on the district court to review determinations made by the Whistleblower's Officer or the Tax Court.  Moreover, the record shows that Meidinger did appeal the denial of his Form 211 application to the Tax Court, and later the United States Court of Appeals for the District of Columbia, and that both courts agreed that he was not due to receive an award, as the IRS did not collect any proceeds as a result of the information he provided.

A similar analysis applies to the district court's decision in Case 2.  There, the court correctly determined, again, that it lacked authority to review the Whistleblower Office's decision denying Meidinger's Form 211 application.  The petition in Case 2 was nearly identical to that in Case 1, and raised nothing that had not been raised and addressed in Case 1.

II.

We review the denial of a motion for reconsideration for abuse of discretion. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007).  Moreover, we have stated that,

> "[a]n order granting or denying relief under Rule 60(b) is final and appealable. An appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review. Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal. Moreover, a district court's order under Rule 60(b) is reviewable only for abuse of discretion."

*Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).  A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

The district court did not abuse its discretion in denying Meidinger's second motion for reconsideration in Case 1.  *See Corwin*, 475 F.3d 1239, 1254.

5

Meidinger's second motion for reconsideration was substantially similar to his initial petition, which the court denied.  Specifically, the initial petition and second motion for reconsideration argued that certain healthcare providers were engaged in improper tax practices, and asserted that the IRS had a duty to investigate those practices.  Moreover, both the petition and the motion for reconsideration asserted that the IRS Whistleblower's Office had erred in denying Meidinger's application for an award, pursuant to 26 U.S.C. § 7623.  It was not an abuse of discretion for the district court to deny Meidinger's motion for reconsideration as he was essentially using the motion to relitigate old matters, previously addressed in the court's order denying his petition.  *See Michael Linet, Inc.*, 408 F.3d at 763.

AFFIRMED.